# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**SHANE TYWON POOLE,**

    **Plaintiff,**

  v.

**UNITED STATES DEPARTMENT OF EDUCATION,**

    **Defendant.**

:

:

:

**Case No. 2:21-cv-988**
**Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant United States Department of Education's Motion to Dismiss. (Mot to Dismiss, ECF No. 6.) Plaintiff Shane Tywon Poole did not respond and the time for doing so has now passed. Accordingly, the matter is ripe for consideration. For the reasons set forth below, the Department's Motion is **GRANTED**.

Proceeding without assistance of counsel, Mr. Poole filed his Complaint in March 2021. (Compl., ECF No. 4.) The Complaint includes the name and address for each Mr. Poole and the Department. (*Id.*, 1, 2.) In its entirety, the Complaint alleges:

> My wallet was stolen and the theive who stole my wallet use my identity and stole money from the US Department of education i have a police report with the guy the lima police department caught with my ID. I'm suing the US Department of education to remove the defaulted loan off my credit report and to go after the guy that stole my identity.

(*Id.*, 3) (as written). The Complaint does not identify the source of subject matter jurisdiction. (*Id.*, 2.)

The Department now seeks to dismiss this action for lack of subject matter jurisdiction, and for failure to state a claim upon which relief may be granted. (Mot. to Dismiss.) Because the first argument is well-taken and dispositive, the Court does not address the second.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading[,]" and the court therefore takes the allegations in the complaint as true. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quoting Fed. R. Civ. P. 8(a)(1)). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumption of truth applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015). When subject matter jurisdiction is challenged, "the plaintiff has the burden

of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

The Department's Motion to Dismiss attacks the sufficiency of Mr. Poole's jurisdictional allegations. (*See* Mot. to Dismiss.) Specifically, the Department argues that Mr. Poole has not identified a waiver of the Department's sovereign immunity, and that no applicable waiver in fact exists. (*Id.*, 7, 10.) "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). "Sovereign immunity is jurisdictional in nature . . . [and] the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (internal quotation and original alteration omitted). A plaintiff "must identify a waiver of sovereign immunity in order to proceed against the United States. If he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Reetz v. U.S.*, 224 F.3d 794, 795 (6th Cir. 2000).

Mr. Poole has not identified any grounds supporting a waiver of the Department's immunity from this lawsuit.[1] The portion of his Complaint (completed on a checklist form intended to assist *pro se* litigants) pertaining to subject matter jurisdiction was left blank. He did not respond to the Department's Motion to Dismiss.[2] In short, Mr. Poole has failed to satisfy his burden of proving jurisdiction.

---

[1] On its own review, the Court sees nothing to suggest that the Department has waived sovereign immunity as against Mr. Poole's claims.

[2] On May 19, 2021, this Court *sua sponte* issued an Order notifying Mr. Poole that he failed to timely submit a response to the Department's Motion. The Order extended the deadline for Mr. Poole to file a response, if he could demonstrate good

Accordingly, the Department's Motion to Dismiss (ECF No. 6) is **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

---

cause for his failure to do so timely. Mr. Poole did not respond in any way to the Court's May 19, 2021 Order.

4